Good morning, Your Honors. Gretchen Fusilier appearing on behalf of the petitioner, Michael Richardson, if it please the Court. Two issues were actually briefed in this matter, and attempted robbery in 1997. Beginning in 1999, Mr. Richardson began a series of filings of habeas corpus petitions in the state courts. The first issue that appears to be conceded to by the state is that Claim 2B that was filed into the federal habeas corpus in the state courts and was dismissed based on the district court's position that it had been procedurally barred. As we briefed, it was not procedurally barred because the Dixon citation in the fourth state petition could not have related to Claim 2B because Claim 2B was not raised in that specific fourth state petition. From the Popelli's brief, the state seems to agree with that position and concedes that Claim 2B, at least, should be remanded to the district court for a determination on the merits. Therefore, I'm going to move on to the argument relating to Claim 4, which was filed into the federal district court. It's undisputed that Claim 4, which relates to the insufficiency of the evidence to support his conviction, was in fact raised in Mr. Richardson's direct review when he was represented by counsel, appointed counsel. However, it's also not disputed that it was not raised in the petition for review to the California Supreme Court also when he was represented by appointed counsel, appointed counsel other than me. Subsequently, Mr. Richardson filed six different state habeas corpus petitions. In the last two, the ones filed July 10, 2000, and in November, 2000, he did raise the issue of ineffective assistance of counsel. It's our position that in raising the ineffective assistance of counsel under the Sanders case, he alerted the State court of fundamental constitutional rights which were implicated by his counsel's failure, his appellate counsel's failure to raise the issue in the petition for review before the California Supreme Court of the issue relating to the insufficiency of evidence. When the California Supreme Court denied the July 10th and the November 2000 habeas corpus petitions, they cited to three California cases, Inouye Clark, Inouye Lindley, and Inouye Ray Waltrius. Our position is that the cite to Inouye Clark is important in this situation because Inouye Clark indicates that where there may have been a forfeiture to follow procedural rules, that if the Petitioner can demonstrate that the Petitioner can demonstrate the violation of constitutional, Federal constitutional rights, that those procedural, that procedural bar may be lifted. In looking at Mr. Richardson's petitions, although as a lay person unfamiliar with the law, he may not have drafted his factual statements to support his allegation of ineffective assistance of counsel leading to the failure to raise the insufficiency of evidence in his petition for review, he did in fact cite Sixth Amendment, the Sixth Amendment as a reference. He also cited the Strickland case as an amendment. And I believe when we read the Sanders case in conjunction with the Peterson case, which has been cited in the appellant's opening brief, that the two briefings in the subsequent California petitions were sufficient to put the State on notice that he was raising fundamental constitutional issues, thereby giving the State a fair  And the ---- Kennedy. Is this really a Reese against Baldwin issue? Is it the way it came here? Reese against Baldwin is the one, the Oregon case, where the issue was raised in the Oregon Court of Appeal but not to the Oregon Supreme Court? That's correct, Your Honor. It went to the U.S. Supreme Court. We don't have that question here, do we? No. Okay. No. The Peterson case actually was a case where there was conviction in the State court, there was a direct appeal, and then there was a petition in the State court that was denied because he had not raised it appropriately. Subsequently, the petitioner filed a Federal claim in the district court, and it was denied, similar to the reasons that Richardson's petition was denied. In light of our argument, we would submit that there has not been a procedural bar that the pleadings in the fifth and sixth habeas corpus petitions in the State court, those are the July 10th, 2001, and the November 2001, procedurally satisfied the showing of a fundamental right that was violated under the Constitution, also satisfying one of N. Ray Clark's exceptions, that there was a constitutional right that was such a fundamental right that could be established and was established by Mr. Richardson, and therefore, Claim 4 should have been determined on the merits by the district court. At this point, we would reserve the rest of our time for any  Thank you. Thank you. Good morning, Your Honors. Deputy Attorney General Israel Ratherstand, on behalf of Tom O'Kerry, Wharton. As noted in our brief, we have conceded that the issue in Claim 2B is not procedurally barred, and unless this Court has any questions regarding Claim 2B, I would simply address Claim 4. It's your intent by that concession to agree with the petitioner and send that petition issue back to the district court. Is that correct? Certainly, based on the fact that it's not procedurally barred, then, yes, it could go back. I certainly think, based on the record before this Court, this Court could make a merits determination. But if this Court is not in that position to make a merits determination, then, yes, it would need to go back to be determined on the merits. As to Ground 4, obviously, the petitioner has set forth the procedural arguments as to how the claim became barred. Our first initial claim would be that she's obviously making no argument that it's not consistently applied. So assuming that this Court has no questions about the consistent application of Lindley, then we would merely address cause and prejudice. In this situation, the petitioner is arguing that cause is shown because he raised an ineffective assistance of appellate counsel argument to excuse why the insufficiency of the evidence argument was not raised in the petition for review. In this situation, there were two separate claims of ineffective assistance of appellate counsel. One was on the form in the Fourth and Fifth Petitions, which specifically the form stated, and I quote, If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make an appeal, explain why the claim was not made on appeal. And in response, he said, ineffective assistance of appellate counsel, fair to exhaust all cognitive issues. And we would argue that that specific form did not alert the California Supreme Court that he was raising a separate and independent ineffective assistance of appellate counsel claim to excuse why he didn't raise the issue in the petition for review. So initially, we would argue that he hasn't shown cause that would excuse the procedural bar. And in addition, he raised in his first petition an ineffective assistance of trial counsel argument. In that argument, he added appellate counsel, also deprived him of ineffective assistance of counsel. However, there's absolutely no argument made as to how appellate counsel is ineffective. And so it is our argument that there is no cause to excuse the default. And then as to prejudice, Petitioner has never alleged in his opening brief, and there was no reply refiled, as to prejudice in this case, to excuse the default. And we would argue that Clark doesn't apply to excuse this default. The issue is the standard is that set forth in Ray v. Carrier as to whether there was actual prejudice from inability to raise the issue. And in this case, he's never claimed prejudice as to the procedural bar on claim four. And that, in fact, could not show prejudice based on the fact that this issue was raised in the court of appeal and was denied. And that it also, in the district court, when it addressed whether the admissions by the failure to instruct on the petitioner's admissions was prejudicial, the district court itself found that there was substantial evidence of this count. So we would claim that the procedural bar is not – there's been no showing by Petitioner of cause and prejudice to excuse this procedural default. Unless this Court has any questions, we'd be willing to submit. Thank you. Okay. Thank you very much, counsel. Richardson v. Carrier will be submitted. U.S. v. Page has been submitted – is submitted on the briefs and deconsolidated from U.S. v. Jackson, which we will take up now. And I understand that counsel has been informed that it –
judges: Hug, T.G. Nelson, Wardlaw